**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| BENJAMIN W. ESPINOSA, | ) ) ) | |
| Plaintiff, | ) ) | 3:16-cv-00141-RCJ-WGC |
| vs. | ) ) ) | |
| JOSEPH STOGNER et al., | ) ) | **ORDER** |
| Defendants. | ) ) ) | |

Plaintiff Joseph Espinosa is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") at Lovelock Correctional Center ("LCC"). He has sued several Defendants under 42 U.S.C. § 1983 for alleged violations of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. The Court now screens the Complaint under 28 U.S.C. § 1915A.

I.    LEGAL STANDARDS

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1)–(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is

1    provided for in Federal Rule 12(b)(6), and the court applies the same standard under § 1915A.

2    *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  When a court dismisses a complaint

3    upon screening, the plaintiff should be given leave to amend the complaint with directions as to

4    curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could

5    not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

6          Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

7    that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

8    12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578,

9    581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to

10   state a claim, dismissal is appropriate only when the complaint does not give the defendant fair

11   notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v.*

12   *Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a

13   claim, the court will take all material allegations as true and construe them in the light most

14   favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The

15   court, however, is not required to accept as true allegations that are merely conclusory,

16   unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State*

17   *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with

18   conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is

19   plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

20         "Generally, a district court may not consider any material beyond the pleadings in ruling

21   on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

22   complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

23   1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged

24   in a complaint and whose authenticity no party questions, but which are not physically attached

1  to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without

2  converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14

3  F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take

4  judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279,

5  1282 (9th Cir. 1986).

6  Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the

7  prisoner's claims lack an arguable basis in law or in fact.  This includes claims based on legal

8  conclusions that are untenable, e.g., claims against defendants who are immune from suit or

9  claims of infringement of a legal interest which clearly does not exist, as well as claims based on

10 fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490

11 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

12 **II.      ANALYSIS**

13 Plaintiff alleges violations of the Free Exercise, Establishment, and Equal Protection

14 Clauses via Defendants' refusal to recognize "secular/religious Humanism" as an accepted faith

15 group under the relevant prison regulations.  The claim fails on its face under the Establishment

16 Clause, because secular philosophies such as "secular humanism" do not implicate religion in the

17 context of the Establishment Clause. *See, e.g.,Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d

18 517, 521 (9th Cir. 1994) ("[N]either the Supreme Court, nor this circuit, has ever held that

19 evolutionism or secular humanism are 'religions' for Establishment Clause purposes.  Indeed,

20 both the dictionary definition of religion and the clear weight of the caselaw are to the contrary."

21 (footnotes omitted)).  As the Court of Appeals has noted, "religion is the 'belief in and reverence

22 for a supernatural power accepted as the creator and governor of the universe.'" *Id.* 521 n.4

23 (quoting Webster's II New Riverside University Dictionary 993 (1988)).

24

1    As for the Free Exercise and Religious Land Use and Institutionalized Persons Act

2  ("RLUIPA") claims, although some courts have noted that some commentators have argued the

3  goals of the Free Exercise Clause can be best safeguarded by treating any set of beliefs as

4  qualifying if they are "arguably religious," *see Int'l Soc'y for Krishna Consciousness, Inc. v.*

5  *Barber*, 650 F.2d 430, 439 (2nd Cir. 1981) (quoting L. Tribe, *American Constitutional Law* § 14-

6  6, at 828 (1978)), secular humanism in its common form is not arguably religious; its very name

7  disclaims any religious aspect precisely in order to contradistinguish itself from religious types

8  of "humanism," e.g., Christianity. *See Secular*, Merriam-Webster Online Dictionary ("*not*

9  *spiritual*: of or relating to the physical world and not the spiritual world: *not religious*: of,

10  relating to, or controlled by the government rather than by the church." (emphases added)).

11  Although Plaintiff refers to his religion as "secular/religious Humanism," beyond the title he

12  gives it he does not explain how his brand of humanism differs from tradition secular moral

13  philosophy in a way sufficient to qualify as a religion under the Free Exercise Clause.  The Court

14  will give him leave to amend to do so.[1]

15    Upon Amendment, Plaintiff needn't allege that his belief system includes a belief in a

16  traditional God, but it must be more a product of a religious orientation than secular philosophy;

17  the concerns must be at least partially spiritual or other-worldly, as opposed to purely personal

18  and social. *See, e.g.*, *Africa v. Pennsylvania*, 662 F.2d 1025, 1033–34 (3rd Cir. 1981) (citing

19  *Wisconsin v. Yoder*, 406 U.S. 216 (1972) ("([If] the Amish asserted their claims because of their

20  subjective evaluation and rejection of the contemporary secular values accepted by the majority,

21  much as Thoreau rejected the social values of his time and isolated himself at Walden Pond, their

22

23  _____

  [1] Finally, Plaintiff cannot maintain an equal protection claim unless and until he can allege his
24  belief system is "religious" for the purposes of the Religion Clauses.  Plaintiff also alleges
  violations of various state constitutional provisions, as well as a state administrative regulation.
  The Court declines supplemental jurisdiction over the latter claims. *See* 28 U.S.C. § 1367(c)(1).

1  claim would not rest on a religious basis.  Thoreau's choice was philosophical and personal

2  rather than religious, and such belief does not rise to the demands of the Religion Clauses.")).

3  The Court of Appeals has adopted the *Africa* court's approach:

4    "First, a religion addresses fundamental and ultimate questions having to do with
     deep and imponderable matters.  Second, a religion is comprehensive in nature; it
5    consists of a belief-system as opposed to an isolated teaching.  Third, a religion
     often can be recognized by the presence of certain formal and external signs."
6
     The "formal and external signs" listed by the court include: "formal services,
7    ceremonial functions, the existence of clergy, structure and organization, efforts at
     propagation, observance of holidays and other similar manifestations associated
8    with the traditional religions."

9  *Alvarado v. City of San Jose*, 94 F.3d 1223, 1229 (9th Cir. 1996) (quoting *Africa*, 622 F.2d at

10  1032).  The Court of Appeals noted that not all beliefs to which one ascribes significance are

11  "religious" for the purposes of the Religion Clauses:

12         We are hard put to imagine a more unworkable definition of religion or
      religious symbol or believer for purposes of the Establishment Clause or Free
13    Exercise than that which is offered here.  Few governmental activities could
      escape censure under a constitutional definition of "religion" which includes any
14    symbol or belief to which an individual ascribes "serious or almost-serious"
      spiritual significance.  "If anything can be religion, then anything the government
15    does can be construed as favoring one religion over another, and . . . the
      government is paralyzed. . . ." 6 Seton Hall Const. L. J. at 70.  While the First
16    Amendment must be held to protect unfamiliar and idiosyncratic as well as
      commonly recognized religions, it loses its sense and thus its ability to protect
17    when carried to the extreme proposed by the plaintiffs.

18  *Id.* at 1230 (footnote omitted).

19         Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the

20  Complaint.  Plaintiff is advised that an amended complaint supersedes (replaces) the original

21  complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios,*

22  *Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact

23  that a party was named in the original complaint is irrelevant; an amended pleading supersedes

24  the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that

1   for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a

2   subsequent amended complaint to preserve them for appeal).  Plaintiff's amended complaint

3   must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this

4   lawsuit.  Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner

5   civil rights form and it must be entitled "First Amended Complaint."

6         The Court notes that if Plaintiff chooses to file an amended complaint curing the

7   deficiencies as outlined in this order, Plaintiff shall file the amended complaint within twenty-

8   eight (28) days from the date of entry of this order.  If Plaintiff chooses not to file an amended

9   complaint curing the stated deficiencies, the Court may dismiss the action with prejudice for

10   failure to prosecute without further notice.

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Application to Proceed in Forma Pauperis (ECF No. 1) is GRANTED.

IT IS HEREBY ORDERED that the Clerk shall DETACH and FILE the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint is DISMISSED, with leave to amend the federal claims.  The Court declines jurisdiction over the state law claims.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint curing the deficiencies of the Complaint as outlined in this order, Plaintiff shall file the amended complaint within twenty-eight (28) days from the date of entry of this Order or the Court may dismiss for failure to prosecute without further notice.

IT IS FURTHER ORDERED that the Clerk shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original Complaint (ECF No. 1-1).  If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

Dated this 6th day of September, 2016.

_____
ROBERT C. JONES
United States District Judge