1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7   BENJAMIN W. ESPINOSA et al.,                    )
                                                    )
8            Plaintiffs,                            )
                                                    )          Case No. 3:16-cv-00141-RCJ-WGC
9        v.                                         )
                                                    )
10  JOSEPH STOGNER et al.,                          )          **ORDER**
                                                    )
11           Defendants.                            )
                                                    )
12  _____         )

13  **I.    DISCUSSION**

14          Plaintiff is a prisoner in the custody of the Nevada Department of Corrections ("NDOC").

15  (ECF No. 8 at 2).  On October 5, 2016, Plaintiff, represented by counsel, filed an amended civil

16  rights complaint pursuant to 42 U.S.C. § 1983.[1]  (ECF No. 8).  In a previous order, the Court

17  granted Plaintiff's application to proceed *in forma pauperis*.  (ECF No. 6 at 7).

18          The general rule under 28 U.S.C. § 1915A is that "[t]he court shall review . . . a

19  complaint in a civil action in which a prisoner seeks redress from the governmental entity or

20  officer or employee of a governmental entity" and "shall identify cognizable claims or dismiss

21  the complaint, or any portion of the complaint" if it is "frivolous, malicious, or fails to state a

22  claim upon which relief can be granted; or . . . seeks monetary relief from a defendant who is

23  immune from such relief."  28 U.S.C. § 1915A(a), (b).

24          Section 1915A does not expressly differentiate between represented and

25  unrepresented prisoner cases with regard to screening, and there is no authority addressing

26  this issue. This Court typically does not screen § 1983 prisoner cases where the Plaintiff is

27  represented by counsel.  For one thing, the pleading obligations of an attorney under Fed. R.

28

_____

[1] Plaintiff initiated this case as a *pro se* plaintiff.  (ECF No. 1).

1    Civ. P. 11 tend to substantially reduce the incidence of claims that are frivolous or otherwise

2    patently noncognizable on their face.  Pro se litigants are not attorneys and should not be

3    expected to know how to draft pleadings as if they were.  Judicial screening of prisoner

4    complaints serves to prevent prisoner complaints which are truly difficult, if not impossible to

5    understand, from being served upon defendants.  Screening of represented cases to decipher

6    the allegations and claims is usually unnecessary.  *See, e.g.*, *Nordstrom v. Ryan*, 762 F.3d

7    903, 907 n.1 (9th Cir. 2014) (noting that the "purpose of § 1915A is to ensure that the targets

8    of frivolous or malicious suits need not bear the expense of responding"); *O'Neal v. Price*, 531

9    F.3d 1146, 1153 (9th Cir. 2008) (explaining that the PLRA's screening provision was intended

10   to "conserve judicial resources by authorizing district courts to dismiss nonmeritorious prisoner

11   complaints at an early stage").  As such, the Court will not screen this counseled prisoner

12   case.  This case shall proceed on the normal litigation track as guided by the Federal Rules

13   of Civil Procedure.

14   **II.    CONCLUSION**

15        For the foregoing reasons, IT IS ORDERED that the Court will not issue a screening

16   order on the amended complaint (ECF No. 8) in this case.

17        IT IS FURTHER ORDERED that this case shall proceed on the normal litigation track

18   as guided by the Federal Rules of Civil Procedure.

19        IT IS FURTHER ORDERED that, in light of this Court's order (ECF No. 6) granting

20   Plaintiff's application to proceed *in forma pauperis*, Plaintiff shall **not** be required to pay an

21   initial installment fee.  Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C.

22   § 1915, as amended by the Prisoner Litigation Reform Act.  The movant herein is permitted

23   to maintain this action to conclusion without the necessity of prepayment of fees or costs or

24   the giving of security therefor.  This order granting *in forma pauperis* status shall not extend

25   to the issuance and/or service of subpoenas at government expense.

26        IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915, as amended by the

27   Prisoner Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk

28   of the United States District Court, District of Nevada, 20% of the preceding month's deposits

to the account of **<u>Benjamin Espinosa, #74296</u>** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

IT IS FURTHER ORDERED that Plaintiff American Humanist Association is ordered to pay the full $400 filing fee for a civil action on or before **Friday, October 21, 2016**.  If Plaintiff American Humanist Association fails to pay the full $400 filing fee by this date, the Court will dismiss Plaintiff American Humanist Association, with prejudice, from this case.

DATED: October 12, 2016.

William G. Cobb
UNITED STATES MAGISTRATE JUDGE

3