**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BENJAMIN W. ESPINOSA, AMERICAN )     3:16-cv-00141-RCJ-WGC
HUMANIST ASSOCIATION, )
                               )     **REPORT & RECOMMENDATION**
         Plaintiffs, )     **OF U.S. MAGISTRATE JUDGE**
                               )
         vs. )
                               )
JOSEPH STOGNER, *et al.*, )
                               )
         Defendants. )
_____ )

       This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

       Before the court is Defendants' Motion for Summary Judgment. (ECF No. 29.) Plaintiffs filed a response (ECF No. 31), and Defendants filed a reply (ECF No. 34).

       After a thorough review, it is recommended that Defendants' motion be denied.

**I. BACKGROUND**

       Plaintiff Benjamin Espinosa is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding with this action pursuant to 42 U.S.C. § 1983. (Sec. Am. Compl. (SAC), ECF No. 37.) The events giving rise to this action took place while Plaintiff Espinosa was housed at Lovelock Correctional Center (LCC). (*Id.*) The other plaintiff to this action is the American Humanist Association (AHA), a nonprofit 501(c)(3) organization with members nationwide that promotes Humanism and is dedicated to advancing and preserving separation of church and state and the rights of its members. (*Id.*) Defendants are NDOC Director James Dzurenda and Chaplain James Stogner. (*Id.*) Plaintiff alleges that he sincerely holds Humanist convictions, but that NDOC does not recognize Humanists as a faith group,

and therefore, he is denied accommodations made to other faith groups, despite his requests. (*Id.*) The SAC asserts violations of the Establishment Clause of the First Amendment, as well as the Equal Protection Clause of the Fourteenth Amendment. (*Id.*) Plaintiffs seek declaratory and injunctive relief as well as an award of nominal damages, and reasonable costs and fees. (*Id.*)

Defendants move for summary judgment, arguing that the AHA does not have standing. AHA concedes it is not asserting prudential or organizational standing, but maintains it has associational standing; therefore, the court's analysis will focus on whether the AHA may assert associational standing.

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). In considering a motion for summary judgment, all reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250.

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A), (B).

If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

In evaluating whether or not summary judgment is appropriate, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine dispute as to a material fact; and (3) considering the evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id.* at 248.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'...In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a genuine dispute of material fact, the opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id*. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing

competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

That being said,

[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

At summary judgment, the court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine dispute of material fact for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id*. at 249-50 (citations omitted).

### **III. DISCUSSION**

Defendants argue that the AHA lacks standing and should be dismissed from this action.[1] First, Defendants argue that AHA does not have prudential standing to sue because it has not itself suffered any injury in fact. Second, Defendants contend that AHA cannot assert associational standing because it fails to establish that the claims asserted or relief requested do not require the participation of individual members in the lawsuit. Specifically, Defendants contend that associational standing is precluded because: AHA cannot allege civil rights violations against NDOC without Espinosa; it cannot bring suit without an inmate to exhaust administrative remedies; and because the prayer for relief includes damages.

Plaintiffs do not dispute Defendants' statement of the law relative to standing, but instead argue that the AHA can assert associational standing.

The Constitution limits "federal court jurisdiction to actual cases or controversies." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (internal quotation marks and citation omitted). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. The doctrine

---

[1]

While Defendants raise the fact that the operative pleading does not explain how Espinosa, who is proceeding in forma pauperis, obtained private counsel (ECF No. 29 at 3:5-7), this issue is not relevant to Espinosa's claims.

developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Id*. (citation omitted). "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id*. (citations omitted). Standing requires three elements: (1) injury in fact that is concrete and particularizes and not hypothetical; (2) a causal connection between the injury and conduct complained of traceable to the defendant's conduct; and (3) a likelihood the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotation marks omitted).

The plaintiff has the burden of establishing these elements. *Id*. at 561 (citations omitted). "In response to a summary judgment motion," the plaintiff "must set forth by affidavit or other evidence 'specific facts,' … which for purposes of the summary judgment motion will be taken as true." *Id*. (citing Fed. R. Civ. P. 56(e)).

Normally, a litigant cannot assert the rights of absent third parties. *United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 557 (1996) (citation omitted). This "is a judicially self-imposed limi[t] on the exercise of federal jurisdiction," and "not a constitutional mandate." *Id*. (quotation marks and citations omitted); *see also Warth v. Sedin,* 422 U.S. 490, 499 (1975) (generally, a plaintiff must "assert his own legal rights and interests, and cannot rest his claim to relief on the rights or interests of third parties"). "[T]he entire doctrine of 'representational standing,' of which the notion of 'associational standing' is only one strand, rests on the premise that in certain circumstances, particular relationships … are sufficient to rebut the background presumption … that litigants may not assert the rights of absent third parties." *Brown Group,* 517 U.S. at 557.

An association may bring suit on behalf of its members when:
(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and
(c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 343 (1977). In *Hunt*, the Supreme Court concluded that the Washington State Apple Advertising Commission—a state agency created to protect and promote the Washington apple industry— had standing to assert the claims of the Washington apple growers and dealers. The court will now consider whether the AHA may assert

associational standing.

First, the court must address whether the AHA's member(s) would otherwise have standing to sue in their own right. The court finds that Espinosa otherwise has standing to sue in his own right. Espinosa has alleged that he has suffered a particularized injury in fact with a sufficient causal connection: violation of his rights under the First and Fourteenth Amendments due to Defendants' failure to recognize Humanists as a faith group and provide accommodations given to other faith groups within NDOC. The allegations also support a finding that his injury may be redressed by a favorable decision. Therefore, the first prong of the associational standing test from *Hunt* is met.

Second, both parties agree that the interests the AHA seeks to protect are germane to the AHA's purpose.[2]

Third, and finally, the court must determine whether claims asserted or relief requested require the participation of individual members of the lawsuit.

Defendants appear to argue that the claims asserted under 42 U.S.C. § 1983 and relief requested preclude a finding of associational standing under the third prong of the *Hunt* test. First, they assert that the AHA is not an inmate, so Espinosa's participation is required. Second, they contend that because suits against NDOC require exhaustion of administrative remedies, Espinosa's participation is required. Finally, they contend that because the requested relief includes damages, associational standing is improper.

The third prong of Hunt is prudential, and not constitutional, in nature. *Brown Group*, 517 U.S. at 555. "[O]nce an organization has satisfied Hunt's first and second prongs assuring adversarial vigor in pursuing a claim for which member Article III standing exists, it is difficult to see a constitutional necessity for anything more." *Id*. (citation omitted). The virtues of the third prong are that it "may … promote adversarial integrity[,] "guard against the hazard of litigating a case to the damages stage only to find the plaintiff lacking detailed records or the evidence necessary to show the harm with sufficient specificity" and "hedge against any risk that the damages recovered by the association will fail to find

---

[2]
    Roy Speckhard, Executive Director of the AHA, provides a declaration stating that the AHA's purpose includes promoting Humanism, and advancing and preserving the separation of church and state and the constitutional rights of its members, including Espinosa. (ECF No. 31-1.)

their way into the pockets of the members on whose behalf injury is claimed." *Id*. at 556-57. As such, "the third prong of the associational standing test is best seen as focusing on these matters of administrative convenience and efficiency, not on elements of a case or controversy within the meaning of the Constitution." *Id*. at 557.

The court finds that Defendants' argument that associational standing is improper because the AHA is not an inmate is without support. The purpose of associational standing is to permit an association to pursue claims on behalf of its members, even when it has not experienced injury to itself, so long as they meet the requirements set forth in *Hunt*. *See Warth*, 422 U.S. at 511; *Warth,* 495 F.2d at 1194 (associational plaintiff need show injury to only a single member); *see also Sierra Club v. Morton*, 405 U.S. 727, 739 (1972) ( "Actions brought by organizations that borrow members' standing have become a routine feature of contemporary litigation.").

The court likewise finds Defendants' argument concerning exhaustion unavailing. While the Prison Litigation Reform Act (PLRA) requires an *inmate* to exhaust administrative remedies before filing suit related to prison conditions under section 1983, actions under section 1983 are not limited to inmates. *See* 42 U.S.C. 1997e(a) (requiring exhaustion of administrative remedies by inmates asserting prison conditions claims); 42 U.S.C. § 1983; *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015) (setting forth elements of a 1983 claim). In addition, Plaintiffs contend that Espinosa did in fact exhaust his administrative remedies, which is all that is required under the PLRA.

As to the argument that a prayer for damages precludes associational relief, Defendants are correct that associational standing is generally not allowed under the third *Hunt* prong when damages are sought. Here, however, the prayer for relief is only for *nominal* damages. The concern where damages are sought is that it would require an individualized determination of the "fact and extent of injury" that requires "individualized proof." *Warth*, 422 U.S. at 515-16. Such an individualized inquiry is not necessary in the case of nominal damages. The concern espoused in *Brown Group* regarding the risk of damages awarded finding their way from the association to the pockets of the affected members is also not present in the context of nominal damages.

Finally, the court will address the argument raised in Defendants' reply that AHA may not assert associational damages when the member is also a named plaintiff. The formula in Hunt has been applied

to many cases, including those where members of the association were also joined as plaintiffs. *See e.g. Rumsfeld v. Forum of Academic and Institutional Rights, Inc.*, 547 U.S. 47, n. 2 (2006) (association of law schools and faculties had standing to bring suit on behalf of members to protest federal statute where several members were joined as plaintiffs); *Doe v. Porter,* 370 F.3d 558, 562 (6th Cir. 2004) (concluding that parents had standing to bring action in individual capacities and association, of which they were members, could assert associational standing); *Eastern Paralyzed Veterans Ass'n, Inc. v. Sec'y of Veterans Affairs*, 257 F.3d 1352, 1356 (Fed. Cir. 2001) (Federal Circuit found association had standing in case where two of its members were also plaintiffs).

For these reasons, Defendants' motion for summary judgment based on the argument that AHA may not assert associational standing should be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Defendants' Motion for Summary Judgment (ECF No. 29).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: October 17, 2017.


_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE