# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BENJAMIN W. ESPINOSA,

    Plaintiff,

vs.

JAMES STOGNER et al.,

    Defendants.

3:16-cv-00141-RCJ-WGC

**ORDER**

Plaintiff Joseph Espinosa is a prisoner in the custody of the Nevada Department of Corrections. He sued several Defendants in this Court under 42 U.S.C. § 1983 for alleged violations of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. The American Humanist Association ("AHA") has joined the action. Pending before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge as to Defendants' motion for summary judgment against the AHA based on lack of standing.

In the Complaint, Plaintiff alleged violations of the Free Exercise, Establishment, and Equal Protection Clauses due to Defendants' refusal to recognize "secular/religious Humanism" as an accepted faith group under relevant prison regulations. Upon screening, the Court declined supplemental jurisdiction over state law claims and dismissed the federal claims with leave to amend, because Plaintiff had not alleged how his Humanist beliefs differed from traditional secular moral philosophy in a way sufficient to qualify as a religion under the religion clauses.

Plaintiff filed the First Amended Complaint ("FAC"), which added the AHA as a Plaintiff and amplified the allegations, and later filed the Second Amended Complaint to correct Defendant Stogner's first name. An inspection of the FAC indicates that Plaintiff did not cure the deficiencies identified in the screening order. However, the Magistrate Judge issued an order *sua sponte* declining to rescreen the action as amended, i.e., declining to submit an R&R as to screening, *see* Fed. R. Civ. P. 72(b)(1); Local R. IB 1-4(j), because Plaintiff had associated counsel. The Court respectfully disagrees with this approach, however, and this issue is antecedent to the present summary judgment motion.

The Prison Litigation Reform Act requires screening without reference to whether a prisoner is represented or has paid filing fees. *See* 28 U.S.C. § 1915A(a) ("shall review"); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as [§ 1915A] does not differentiate between civil actions brought by prisoners"). That is because § 1915A's screening requirement for "civil action[s] in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" is separate from § 1915's screening requirement for "suit[s], action[s] or proceeding[s], civil or criminal, or appeal therein, without prepayment of fees or security therefor." The requirement to all screen all prisoner complaints as early as possible stems from concerns—namely, a glut of prisoner complaints and their often unmeritorious nature, *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Woods v. Carey*, 722 F.3d 1177, 1182 (9th Cir. 2013)—beyond those concerns manifest in pro se complaints generally, i.e., unskilled or indecipherable pleadings. In any case, a district court is not free to disregard the statutory requirements, regardless of its view of the statute's utility.

The remaining question is whether a district court is required to screen amended complaints under §§ 1915 and/or 1915A, either generally, or at least where amendment has been required due to a deficiency noted during screening of the original complaint, as here. It appears that a district court should screen amended complaints under § 1915 wherever a case has been commenced without prepayment of filing fees, as here. *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . ."). Section 1915A(a) refers to "a complaint," and it could therefore arguably be read not to apply to amended complaints— although application to amended complaints is also a permissible reading and would better serve the purposes of the statute—but §§ 1915(e)(2) and 1915(e)(2)(B) refer to "the case" and "the action," respectively, implying no distinction between initial and amended complaints. And the clear purpose of both statutes is to ensure that each claim in an action subject to screening is screened for pleading deficiencies before proceeding to discovery and trial. Permitting a claim that has been dismissed upon screening (with leave to amend) to proceed after amendment without any examination of the sufficiency of the amendment would frustrate the statute's purpose of preventing unmeritorious claims from proceeding to discovery and trial. In summary, the Court is of the view that §§ 1915 and 1915A require screening of the FAC.

The FAC does not cure the deficiencies of the Complaint as noted in the screening order. Plaintiff alleges, for example, that his Humanist belief system "provides meaning," (First Am. Compl. ¶ 13, ECF No. 8), is "non-theistic," (*id.* ¶ 16), has been described by a leading proponent as "a naturalistic philosophy that rejects all supernaturalism and relies primarily upon reason and science, democracy and human compassion," (*id.* ¶ 19), "offers a basis or moral values . . . and an overall sense of purpose . . . [but] rejects the existence of a supreme being," (*id.* ¶ 20).

The Court has no basis to doubt Plaintiff's sincerity as to his professed beliefs and of course has no opinion as to the value of those beliefs, but the allegations in the FAC confirm that despite the title Plaintiff gives his belief system ("Religious Humanism"), it is not a religion for the purposes of the religion clauses. *See Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994) ("[N]either the Supreme Court, nor this circuit, has ever held that evolutionism or secular humanism are 'religions' for Establishment Clause purposes. Indeed, both the dictionary definition of religion and the clear weight of the caselaw are to the contrary." (footnotes omitted)). "[R]eligion is the 'belief in and reverence for a supernatural power accepted as the creator and governor of the universe.'" *Id.* 521 n.4 (quoting Webster's II New Riverside University Dictionary 993 (1988)); *see also Africa v. Pennsylvania*, 662 F.2d 1025, 1033–34 (3rd Cir. 1981) (citing *Wisconsin v. Yoder*, 406 U.S. 216 (1972)); *Alvarado v. City of San Jose*, 94 F.3d 1223, 1229 (9th Cir. 1996) (quoting *Africa*, 622 F.2d at 1032); *id.* at 1230 ("We are hard put to imagine a more unworkable definition of religion or religious symbol or believer for purposes of the Establishment Clause or Free Exercise than that which is offered here. Few governmental activities could escape censure under a constitutional definition of 'religion' which includes any symbol or belief to which an individual ascribes 'serious or almost-serious' spiritual significance. 'If anything can be religion, then anything the government does can be construed as favoring one religion over another, and . . . the government is paralyzed. . . .' 6 Seton Hall Const. L. J. at 70. While the First Amendment must be held to protect unfamiliar and idiosyncratic as well as commonly recognized religions, it loses its sense and thus its ability to protect when carried to the extreme proposed by the plaintiffs." (footnote omitted)).

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 40) is REJCETED, and the Motion for Summary Judgment (ECF No. 29) is DENIED as moot.

IT IS FURTHER ORDERED that the Second Amended Complaint (ECF No. 8) is DISMISSED, without leave to amend.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

Dated this 4th day of December, 2017.

_____
ROBERT C. JONES
United States District Judge